The Honorable Judge Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR23-142 TL |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S SUPPLEMENTAL DUI PROBABLE CAUSE BRIEF |
| KEITH RUSSELL, | |
| Defendant. | |

## I. INTRODUCTION, PROCEDURAL AND FACTUAL BACKGROUND

Russell's traffic infractions formed a legal basis for officers to stop his Volvo.[1] Once stopped, Officers French and Lentz formed reasonable suspicion that Russell was driving under the influence of marijuana in violation of RCW 46.61.502.[2] A DUI investigation ensued, probable cause was established, and Russell was arrested within six minutes of contact.[3] Dkt. 45 at 2-10.

---

[1] For brevity, the government incorporates by reference Dkts. 36-1, 36-7, 45 including Ex. A, B, C, and 69 Ex. A.
[2] Pursuant to RCW 46.61.502, a person commits the crime of driving under the influence when he drives a motor vehicle while he is under the influence of or affected by marijuana or any drug while he has sufficient marijuana in his body to have a THC concentration of 5.00 or higher within two hours after driving as shown by an accurate and reliable test of the person's blood. RCW 46.61.502; WPIC 92.01. In cases in which the blood sample collection occurs more than two hours after driving, the per se analytical value of THC can be evidenced circumstantially by common scientifically accepted methods such as retrograde extrapolation. *State v. Wilbur-Bobb*, 134 Wn. App. 627, 634, 141 P.3d 665 (2006) (retrograde extrapolation "is a familiar forensic technique used routinely in our trial courts"). A person is under the influence of or affected by the use of marijuana or drugs if the person's ability to drive a motor vehicle is lessened in any appreciable degree. WPIC 92.10; *State v. Hurd*, 5 Wn.2d 308, 105 P.2d 59 (1940).
[3] Before arresting Russell that morning, both Officers French and Lentz had completed law enforcement basic training and post-academy courses on investigating driving under the influence. Exhibit A, Officer Resumes. Officer

## II. LEGAL AUTHORITY

The government's filing at Dkt. 45 details the facts establishing and law explaining probable cause in this case. "In making a determination of probable cause, the relevant inquiry is not whether particular conduct is innocent or guilty, but the degree of suspicion that attaches to particular types of noncriminal acts. That principle applies equally well to the reasonable suspicion inquiry." *United States v. Sokolow*, 490 U.S. 1, 10, (1989) (quoting *Gates*, 462 U.S. 213, 243–44 & n.13). "Thus, conduct that is not necessarily indicative of criminal activity may be relevant to the reasonable suspicion calculus." *Id.* (citing *United States v. Wardlow*, 528 U.S. 119, 125 (2000)).

Here, a constellation of facts formed a basis for probable cause to believe Russell was driving under the influence—facts that subsequently provided a basis for search warrants issued for his blood and car. *See* Dkt. 36-7, SMC Search Warrants.[4] Officer Lentz and French observed a series of driving infractions and suspicious behavior, including: (1) stopping in a roadway outside a motel on Aurora Avenue (an area known with human and narcotics trafficking), in violation of Seattle Municipal Code Chapter 11.72.000 at 1:20-1:30 a.m.; (2) failing to visibly display a temporary license in violation of Seattle Municipal Code Chapter 11.22.080; (3) tossing an item out the car's sunroof before stopping; and (4) failing to pull off the roadway. Upon contact with Russell, Officers Lentz and French observed: (5) Russell's car smelled strongly of marijuana; (6) Russell's eyes were watery, bloodshot, and his eyelids were droopy; (7) Russell's person and clothing smelled of marijuana; (8) Russell admitted smoking marijuana as recently as two hours earlier, though

---

French has worked as a patrol officer for five years, has been the lead investigator on over 75 arrests, and has assisted on over 100 arrests. Officer Lentz has worked as a patrol officer for approximately four years, has been the primary officer on 15 DUI arrests, and has assisted with other DUI arrests.

[4] Critically, probable cause demands no showing of "certainty or even a preponderance of the evidence." *United States v. Gourde*, 460 F.3d 1065, 1069 (9th Cir. 2006) (en banc). It requires only a "'fair probability,'" a finding that, in turn, depends on "the totality of the circumstances, including reasonable inferences and is a 'common sense, practical question.'" *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007) (quoting *Gourde*, 460 F.3d at 1069).

his claims of consumption and timing were inconsistent; (9) an open bag of marijuana and a blunt were in the driver side door in violation of RCW 46.61.745[5]; and (10) Russell became increasingly agitated and belligerent, and he ultimately refused to walk to a sidewalk where in a typical DUI investigation officers would have conducted field sobriety tests. Dkt. 45 at 2-10.

As the cited code provisions show, driving a motor vehicle on public highways under the influence of any drug, or while in possession of an open container of marijuana, are not acts made lawful by Washington's legalization of recreational marijuana. The circumstances detailed above provided objective, articulable facts that would lead a reasonable officer to suspect that Russell was driving under the influence. *See, e.g.*, *United States v. Gearhart*, 6-23-po-00079-HBK-1, 2024 WL 2260859 at *2, 4 (E.D. Cal. May 17, 2024) (strong odor of burnt marijuana emanating from the vehicle provided objective, articulable facts that would lead a reasonable officer to suspect that Gearhart was driving under the influence irrespective of the legalization of recreational marijuana (citing *People v. Fews*, 27 Cal. App. 5th 553, 563 (2018), and *State v. Randy J.*, 150 N.M. 683, 693 (N.M. Ct. App. 2011)). Following Russell's arrest, a warranted search of his car led to the discovery of a stolen, loaded Walther 9mm semi-automatic handgun underneath the driver's seat where Officer Lentz reported observing it before the arrest (though he did not immediately inform Officer French and was unaware Russell was a prohibited person). Execution of a search warrant for blood analysis confirmed Russell was over the legal limit.[6]

---

[5] In relevant part, RCW 46.61.745, prohibits *possessing or consuming* cannabis in a vehicle on highway. To keep cannabis in a motor vehicle, when the vehicle is upon a highway it must be in the *trunk* of the vehicle, in some other area of the vehicle *not normally occupied or directly accessible by the driver* or passengers if the vehicle does not have a trunk, or in a package, container, or receptacle that *has not been opened or the seal broken or contents partially removed*. *Id.* (emphasis added). A utility compartment or glove compartment is deemed to be within the area occupied by the driver and passengers. *Id.* Violation of RCW 46.61.745 is a traffic infraction. *Id.*

[6] Sealed Dkt. 69A at 2 confirms Russell's THC level was 6.7 ng/ml +/- 1.7 at a 99.7% confidence level. Russell's blood was drawn at 03:57a.m. Dkt. 36-7 at 10.

DUI investigations largely originate from observed traffic infractions from which reasonable suspicion of impairment is formed.[7] *See, e.g.*, *United States v. Vasquez*, No. 19-50275, 2021 WL 3011997, at *1-2 (9th Cir. July 15, 2021) (denial of suppression affirmed in felon in possession of firearm prosecution involving warrantless search of vehicle incident to DUI investigation); *United States v. Anderson*, No. 21-CR-00089-DCN, 2022 WL 3646033, at *6-19 (D. Idaho Aug. 24, 2022) (denying suppression motion in felon in possession of firearm prosecution involving warrantless search of vehicle incident to DUI investigation); *United States v. Lykes*, No. 20-CR-00478-WHA, 2021 WL 11714835, at *1-3 (N.D. Cal. July 7, 2021) (denying suppression motion in felon in possession of firearm prosecution involving warrantless search of vehicle incident to DUI investigation); *see also United States v. Hylton*, No. 17-CR-00086-HDM-NJK, 2017 WL 6521322, at *6-7 (D. Nev. Nov. 15, 2017); *United States v. Guthery*, No. 22-CR-00173-KJM, 2023 WL 2696824, at *10 (E.D. Cal. Mar. 29, 2023); *United States v. Scallion-Martinez*, 20-CR-00120-HSG-1, 2020 WL 5257880, at *6 (N.D. Cal. Sept. 3, 2020); *United States v. Douglass*, 12-CR-49-RMP-5, 2013 WL 12249542, at *1 (E.D. Wash. Mar. 11, 2013).

As DUI is a crime most often prosecuted by local agencies, Washington State case law further sheds light onto facts deemed sufficient for probable cause to arrest for DUI. *See Williams v. DOL*, 46 Wn. App. 453, 455-56 (1986) (probable cause found based upon only erratic driving, red and watery eyes, and a refusal to perform sobriety tests); *State v. Martines*, 184 Wash.2d 83, 91 (2015) (probable cause found to obtain blood warrant based only upon a strong odor of alcohol on breath, an admission to consuming one beer, recovery of a six pack of beer with one unopened bottle remaining tossed into the bushes by the driver, bloodshot watery eyes, a flush face, a slow deliberate walk, and appearing off balance); *City of Seattle v. St. John*, 166 Wash.2d 941 (2009) (probable cause found based

---

[7] Most of the cases cited here involve warrantless searches of cars for evidence of DUI resulting in the seizure of evidence of separate offenses. Here, however, the officers arrested Russell for DUI and *subsequently* applied for search warrants for Russell's blood and car.

upon motorcycle crash, differing witness statements concerning the existence of a smell of alcohol, slurred speech, and a report of the driver consuming one drink before the crash); *State v. Gillenwater*, 96 Wn. App 667, 671 (1999) (probable cause found to arrest for DUI based on a cooler full of beer and three opened cans of beer found in the car, the deceased passenger smelling of alcohol, and the driver's strong odor of alcohol).

Russell's infraction-laden driving in the early hours and in a location known for human and narcotics trafficking indicated impaired judgement and potential intoxication to two patrol officers with ample DUI investigation experience between them. Coupled with Russell's strong smell of cannabis upon contact, bloodshot, watery, and droopy eyes, accessible and open cannabis in the driver side door panel,[8] Russell's escalating and belligerent responses, refusal to walk to the sidewalk,[9] and Russell's multiple inconsistent statements about the amount of marijuana he consumed prior to driving and about the period of time between consumption and driving,[10] the officers relied on at least ten "specific, articulable facts" which, when considered collectively, supported probable cause to believe that Russell was driving under the influence of marijuana.

///

///

///

---

[8] Dkt. 36-1 at 21.
[9] Ex. A at 9:15-10:58, Ex. B at 1:56-1210; Ex. C at 1:52-12:10.
[10] Dkt. 45, Ex. C at 6:08, 7:42, 8:00.

### III. CONCLUSION

Under the totality of the circumstances, Officers French and Lentz had probable cause to believe that Russell was driving while under the influence, a determination subsequently confirmed by issuance of a warrant for his blood within hours of his arrest. The defendant's motion to suppress (Dkt. 35) should be denied.

Dated this 29th day of August, 2024

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*s/ Cecelia Gregson*
CECELIA GREGSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Desk: 206-553-4325
Email: Cecelia.Gregson@usdoj.gov

I certify that this pleading contains 2,336 words in compliance with the Local Criminal Rules