UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>KEITH LAMONTE RUSSELL,<br><br>  Defendant. | CASE NO. 2:23-cr-00142-TL<br><br>ORDER ON MOTION TO DISMISS |

This matter is before the Court on Defendant Keith Lamonte Russell's Motion to Dismiss Charge Under 18 U.S.C. § 922(g)(1) (Dkt. No. 57) as a violation of his rights under the Second Amendment to the United States Constitution. Having reviewed the Government's response (Dkt. No. 67), Mr. Russell's reply (Dkt. No. 74), Mr. Russell's supplemental memorandum (Dkt. No. 81), the Government's response to Mr. Russell's memorandum (Dkt. No. 83), and the relevant record, the Court DENIES the motion.

## I. BACKGROUND

Mr. Russell is charged by indictment with Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *See* Dkt. No. 15 at 1–2. The indictment alleges that on or about July 17, 2023, Mr. Russell possessed a firearm (a Walther 9mm semi-automatic pistol) while knowing that he was convicted of the following crimes: (1) Conspiracy to Deliver a Controlled Substance, on or about April 5, 2021, in King County, Washington; and (2) Possession of Oxycodone with Intent to Distribute, on or about January 27, 2011, in this District.[1] *See id.*

Mr. Russell now moves to dismiss the sole charge in the indictment. Dkt. Nos. 57, 74. The Government opposes. Dkt. No. 67.

## II. LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Court may resolve a motion to dismiss an indictment before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986).

## III. DISCUSSION

Mr. Russell argues that Section 922(g)(1) is unconstitutional both as applied to him and facially. *See* Dkt. No. 57 at 5–13 (as applied), 13–14 (facially). He argues that possessing a pistol is "bearing arms," that he is one of "the people" under the amendment, and that there is no "distinctly" or "relevantly" similar historical regulation disarming people like himself. *See id.* at 5–13. He also argues that the statute's lifetime prohibition is unconstitutional. *Id.* at 13–14. In response, the Government argues that the statute is constitutional both as applied and facially.

---

[1] The Government notes that Mr. Russell is also convicted of several other felonies, including Robbery in the Second Degree. Dkt. No. 67 at 3; *see also* Dkt. No. 69 (sealed).

ORDER ON MOTION TO DISMISS - 2

*See* Dkt. No. 67 at 7–17, 19–21 (as applied), 21–23 (facially). The Government also argues that the motion fails under Ninth Circuit precedent that remains good law. *Id.* at 17–19.

This Court previously addressed a similar motion to dismiss under the Second Amendment. *See United States v. Robinson*, No. CR22-212, 2023 WL 5634712 (W.D. Wash. Aug. 31, 2023). There, the Court analyzed whether the Ninth Circuit's decision in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), was effectively overruled by the United States Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *See Robinson*, 2023 WL 5634712, at *5. In *Vongxay*, the Ninth Circuit denied a Second Amendment challenge to a conviction under Section 922(g)(1). *See* 594 F.3d at 1118. Joining numerous district courts in this Circuit, this Court held that *Vongxay* was not clearly irreconcilable with *Bruen* and thus denied defendant's motion. *See Robinson*, 2023 WL 5634712, at *4 (gathering cases), *5 (analyzing *Bruen*'s impact on *Vongxay*).

However, since *Robinson*, the Ninth Circuit has addressed challenges to Section 922(g)(1), and the Supreme Court rendered its decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Thus, the question for this Court is whether other intervening Ninth Circuit law or *Rahimi* has effectively overruled *Vongxay*.

**A.    Ninth Circuit Law Since *Vongxay***

Since *Vongxay*, the Ninth Circuit has addressed Second Amendment challenges to § 922(g)(1), but the outcomes are inconclusive here. In April 2024, a panel of the Ninth Circuit rejected (in an unpublished opinion) a facial challenge to Section 922(g)(1) and observed that "[n]othing in the Supreme Court's decision in [*Bruen*] reflects a retreat from the Court's earlier statement in [*Heller*] that 'longstanding prohibitions on the possession of firearms by felons and the mentally ill' are 'presumptively lawful.'" *United States v. Whitney*, No. 22-10326, 2024 WL 1429461, at *2 (9th Cir. Apr. 3, 2024), *petition for cert. filed*, 2024 WL 1429461 (Aug. 26,

2024). Then in May 2024, a panel of the Ninth Circuit held, by a 2-1 vote, that *Vongxay* was indeed effectively overruled, and that § 922(g)(1) is unconstitutional in some applications. *See United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). But in August 2024, *Duarte* was vacated and rehearing *en banc* was granted. *See* 108 F.4th 786 (9th Cir. 2024).[2]

### B.     *United States v. Rahimi*

In *Rahimi*, the Supreme Court considered a Second Amendment challenge to a conviction under 18 U.S.C. § 922(g)(8), which prohibits a person subject to a domestic violence restraining order from possessing a firearm if a court finds that the person "represents a credible threat to the physical safety of [an] intimate partner." The Supreme Court rejected the government's argument that the defendant could be disarmed "simply because he is not 'responsible.'" *Rahimi*, 144 S. Ct. at 1903. However, it "did not elaborate further on the conduct the Second Amendment's plain text covers." *United States v. Manney*, No. 23-716, 2024 WL 3853846, at *3 (9th Cir. Aug. 19, 2024) (citing *Rahimi*, 144 S. Ct. at 1959 (Jackson, J., concurring) ("And the unresolved questions hardly end there. Who is protected by the Second Amendment, from a historical perspective? To what conduct does the Second Amendment's plain text apply?")).

Further, in denying the challenge, the Supreme Court clarified that the test it set forth in *Bruen* "involves considering whether the challenged regulation is consistent with the *principles* that underpin our regulatory tradition." *Rahimi*, 144 S. Ct. at 1898 (emphasis added). Specifically, the high court repeated its earlier statement in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that "many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 144 S. Ct. at 1902 (quoting

---

[2] In February 2024, the Ninth Circuit also vacated and granted rehearing *en banc* in *Teter v. Lopez*, in which the court had invalidated Hawaii's ban on the possession of so-called "butterfly knives." 93 F.4th 1150 (9th Cir. 2024).

*Heller*, 554 U.S. at 626); *accord McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("We repeat those assurances here.").

C.     **Whether *Vongxay* Remains Good Law**[3]

As a general rule, this Court is bound by the prior decisions of this Circuit. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). But where an "intervening higher authority"—like a Supreme Court decision—has "undercut the theory or reasoning underlying [a] prior circuit precedent in such a way that the cases are clearly irreconcilable," the Court "should consider [itself] bound" by that authority and the prior precedent "effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *see also In re Gilman*, 887 F.3d 956, 962 (9th Cir. 2018) (requiring the intervening authority to be "fundamentally inconsistent" with prior precedent). "[T]he clearly irreconcilable requirement is a high standard." *Avilez v. Garland*, 69 F.4th 525, 533 (9th Cir. 2023) (internal quotation marks omitted) (quoting *FTC v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019)). "It is not enough for there to be 'some tension' between the cases or for the intervening authority to 'cast doubt' on this Court's prior authority." *Tingley v. Ferguson*, 47 F.4th 1055, 1075 (9th Cir. 2022) (quoting *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012)). "[I]f we can apply our precedent consistently with that of the higher authority, we must do so." *Avilez*, 69 F.4th at 533 (quoting *FTC*, 926 F.3d at 1213).

Presented now with the instant motion, this Court sees no reason to disturb its conclusion that *Bruen* is not clearly irreconcilable with *Vongxay*. While "[t]here is undoubtedly 'some tension' between *Vongxay* and *Bruen*," the tension is not so great as to render *Vongxay*

---

[3] In a supplemental memorandum, Mr. Russell argues that *United States v. Connolly*, No. 23-50312, 2024 WL 3963874 (5th Cir. Aug. 28, 2024), in which the Fifth Circuit invalidated 18 U.S.C. § 922(g)(3) as applied, supports his motion. *See* Dkt. No. 81. However, *Connelly* is nonbinding and of almost no persuasion here, given that it concerns a different provision. Further, the outcome is controlled by Ninth Circuit precedent on which *Connelly* has no effect.

ORDER ON MOTION TO DISMISS - 5

effectively overruled. *Robinson*, 2023 WL 5634712, at *5. *Vongxay* did not apply the kind of means-end scrutiny that *Bruen* explicitly rejected. Instead, it began with *Heller*'s finding of an individual Second Amendment right and took its cues from that decision. *Vongxay*, 594 F.3d at 1114–15. It looked at the text of the Second Amendment. *Id.* at 1117. It considered historical understanding. *Id.* at 1118. In other words, it previewed *Bruen*'s text-and-history test, albeit not with the same depth of treatment. Thus, its methods of reasoning demonstrate a compatibility with *Bruen*, not a fundamental inconsistency. Further, "[i]ts conclusion is bolstered by the Supreme Court's own repeated assurances that firearm-possession bans for persons convicted of a felony crime are constitutional." *Robinson*, 2023 WL 5634712, at *5 (first citing *Heller*, 554 U.S. at 625; then citing *McDonald*, 561 U.S. at 786). Finally, the Ninth Circuit's initial forays into applying *Bruen* in the firearm context suggests the Circuit's likely agreement. *See Whitney*, 2024 WL 1429461, at *2; *see also, e.g.*, *United States v. Perez-Garcia*, 96 F.4th 1166, 1181 (9th Cir. 2024) (rejecting Second Amendment challenge to condition of pretrial release prohibiting firearm possession), *reh'g and reh'g en banc denied*, 2024 WL 4033086 (Sept. 4, 2024); *United States v. Alaniz*, 69 F.4th 1124, 1130 (9th Cir. 2023) (rejecting Second Amendment challenge to sentencing enhancement for possession of dangerous weapon at time of felony drug offense).

Turning to *Rahimi*, this Court still concludes that *Vongxay* remains good law. While the Supreme Court provided some additional guidance on how to evaluate a challenged regulation (*see Rahimi*, 144 S. Ct. at 1897–98), it did not address the issues presented by Mr. Russell's motion, including whether only certain felonies may serve as predicates to a Section 922(g)(1) prosecution, or whether such prohibitions can be sustained for a lifetime. Moreover, even as the high court rejected the government's argument that persons who are not "responsible" may be disarmed, it reiterated that prohibitions on possession by felons are presumptively lawful. *Rahimi*, 144 S. Ct. at 1902.

ORDER ON MOTION TO DISMISS - 6

This conclusion is shared by other district courts of this Circuit that have addressed similar challenges since *Rahimi* was announced. *See, e.g.*, *United States v. Cardiel*, No. CR22-41 2024 WL 3984002, at *6 (E.D. Cal. Aug. 29, 2024); *United States v. Coleman*, No. CR23-2363, 2024 WL 3890710, at *2 (D. Ariz. July 29, 2024); *United States v. Tullis*, No. CR22-140, 2024 WL 3540401, at *2 (D. Nev. July 23, 2024). And notably, at least one member of the vacated *Duarte* majority believes that "[n]othing in the Supreme Court's recent *Rahimi* decision controls or even provides much new guidance" for Second Amendment challenges to § 922(g)(1). *Duarte*, 108 F.4th at 787 (Van Dyke, J., dissenting from the grant of rehearing *en banc*).[4]

### IV. CONCLUSION

Accordingly, Mr. Russell's motion (Dkt. No. 57) is DENIED.

Dated this 6th day of September 2024.

Tana Lin
United States District Judge

---

[4] Because the motion is controlled by *Vongxay* and denied on that ground, the Court need not reach Mr. Russell's arguments regarding *Bruen*'s test. *See* Dkt. No. 57 at 3–13. Nor must the Court reach Mr. Russell's arguments regarding his prior robbery conviction—which is not even alleged in the indictment. *See* Dkt. No. 74 at 2–5.