The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEITH RUSSELL, <br><br> Defendant. | NO. CR23-142 TL <br><br><br> MOTION TO CONTINUE STIPULATED FACTS TRIAL |

In September, this Court entered an order rescheduling the stipulated facts trial in this case for November 13, 2024. Dkt. 86. A week before the scheduled trial, the Court granted defendant Keith Russell's motion to suppress the evidence found during a search of his car, including the firearm that Russell is charged with possessing in violation of 18 U.S.C. § 922(g)(1). Dkt. 89. The United States has a statutory right to seek review of a suppression order in these circumstances. This Court should thus continue the trial date so that the United States can consider whether to seek further review.

Title 18, United States Code, § 3731 gives the United States the right to bring an interlocutory appeal from an order suppressing material evidence in a criminal case. This statute is necessary because Double Jeopardy principles prevent the United States from appealing from a suppression order after jeopardy attaches.

The statute provides in relevant part that an appeal by the United States "shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding" on two conditions: the appeal may not be taken "after the defendant has been put in jeopardy and before the verdict or finding on an indictment or ]information," and the United States Attorney must "certif[y] to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731. The statute also provides thirty days to bring such an appeal: "The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted." *Id.*

The "purpose of § 3731 is to give the government a window of opportunity to challenge a district court's exclusion of allegedly material evidence before jeopardy attaches." *United States v. W.R. Grace*, 526 F.3d 499, 505 (9th Cir. 2008) (en banc). This Court should continue the November 13, 2024, trial to give the United States time to vindicate that purpose and consider whether to seek reconsideration or to appeal the Court's suppression order. Proceeding with the trial now, without the suppressed firearm, would result in an acquittal or require the government to dismiss the indictment and would thus impermissibly frustrate the United States' the ability to seek further review of the suppression order. *Cf. United States v. Biddle*, 467 F. App'x 693, 696 (9th Cir. 2012) (unpublished) ("We conclude, and the parties agree, that the district court erred in dismissing the indictment while the interlocutory appeal on the suppression issue was pending before us.").

Granting a short continuance would not deprive Russell of his right to a speedy trial. Russell has waived his speedy trial rights through November 30, 2024. Dkts. 51.1, 86. And his speedy trial clock has not run in any event because of excludable time under 18 U.S.C. § 3161(h).

The thirty-day deadline in Section 3731 will run on December 6, 2024. The United States has been diligently reviewing whether to seek further review since the court entered the suppression order. But the U.S. Attorney's Office cannot make a decision on how to proceed without consulting with the Criminal Division of the Department of Justice and the Office of the Solicitor General. 28 C.F.R. 0.20(b). Section 3731 provides a thirty-day period to appeal from a suppression order—more than the standard 14-day period in criminal cases—in part because of the need for these consultations. And it contains corresponding protections for the defendant by requiring the U.S. Attorney to certify that the suppressed evidence is material and that the appeal is not taken for purposes of delay. *Grace*, 526 F.3d at 491 (9th Cir. 2008). Proceeding with trial now would disrupt that balance. And in this case, the United States also needs to review the transcript of the suppression hearing in order to determine whether to seek further review. It ordered a "rush" copy of that transcript one day after the suppression decision. Dkt. 90. It expects to receive the transcript by November 15, 2024.

In circumstances similar to those here, the Ninth Circuit has recognized that the United States's interest in "protecting its right to appeal" means that it "may request the district court to stay proceedings pending appeal and, if refused, pursue the issue with this court." *United States v. Gatto*, 763 F.2d 1040, 1050 (9th Cir. 1985). This Court should accordingly grant this motion and continue the trial date. If the United States appeals on or before the December 6, 2024, deadline and makes the required certification, the trial should be continued until the appeal is decided. If the United States instead moves for reconsideration before this Court, the trial date can be reset once the motion is decided. If the United States determines against seeking further review, it will likely voluntarily move to dismiss the indictment.

For these reasons, the government respectfully requests the Court briefly continue the stipulated facts trial date to provide the government opportunity to review of the record and make a determination on seeking reconsideration or further review.

November 12, 2024

                          Respectfully submitted,

                          TESSA M. GORMAN
                          United States Attorney

                          *s/ Cecelia Gregson*
                          CECELIA GREGSON
                          Assistant United States Attorney
                          United States Attorney's Office
                          700 Stewart Street, Suite 5220
                          Seattle, WA 98101